# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISON

| | |
|---|---|
| ADRIANNA GUTIERREZ, | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No: 1:23-cv-26 |
| MIDLAND FUNDING, LLC | |
| & | **JURY TRIAL DEMANDED** |
| EQUIFAX INFORMATION SERVICES, LLC | |
| & | |
| TRANSUNION, LLC | |
| Defendants. | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Adrianna Gutierrez, by and through the undersigned counsel, and for her Complaint against Defendants, Midland Funding, LLC ("MF") and Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("TU"), (and together collectively, "Defendants") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and for violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), states as follows:

## JURISDICTION

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because Plaintiff resides here, the acts and transactions occurred here, and MF, Equifax, and TU transact business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Pflugerville, a part of Travis County, Texas 78660.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Pflugerville, a part of Travis County, Texas 78660, making the Austin Division a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant MF, a Delaware corporation headquartered in San Diego, CA, practices as a debt collector throughout the country, including Texas.

8. Defendant MF attempts to collect alleged debts throughout the state of Texas, including in Pflugerville city and Travis County.

9. Defendant MF has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant MF has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Pflugerville city and Travis County and Defendant attempts to collect alleged debts throughout the state of Texas.

11. Defendant MF knowingly attempted to collect on a debt allegedly incurred in Pflugerville, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

12. Defendant Equifax, a Georgia corporation headquartered in Atlanta, GA, practices as a debt collector throughout the country, including Texas.

13. Defendant Equifax serves as a credit reporting agency of consumer credit throughout the state of Texas, including in Pflugerville city and Travis County.

14. Defendant Equifax has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant Equifax purposefully availed itself to the jurisdiction in which Plaintiff resided.

15. Defendant Equifax has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Pflugerville city and Travis County and Defendant attempts to collect alleged debts throughout the state of Texas.

16. Defendant Equifax knowingly reported information regarding a Plaintiff domiciled in Pflugerville, Texas and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

17. Defendant TransUnion, a Delaware corporation headquartered in Chicago, IL, practices as a debt collector throughout the country, including Texas.

18. Defendant TransUnion serves as a credit reporting agency of consumer credit throughout the state of Texas, including Pflugerville city and Travis County.

19. Defendant TransUnion has actual knowledge of where Plaintiff resided, and by improperly reporting to Plaintiff's credit and providing Plaintiff with such an update, Defendant TransUnion purposefully availed itself to the jurisdiction in which Plaintiff resided.

20. Defendant TransUnion has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Pflugerville city and Travis County and Defendant attempts to collect alleged debts throughout the state of Texas.

21. Defendant TransUnion knowingly reported information regarding a Plaintiff domiciled in Pflugerville, Texas, and thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(2).

## STANDING

22. Plaintiff has a congressionally defined right to receive all communications from a debt

3

collector free from any misrepresentations and false threats.

23. MF's collection activities violated the FDCPA.

24. Defendants' credit reporting and/or failure to properly dispute information violated the FCRA.

25. Plaintiff has thus suffered an injury as a result of Defendants conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

26. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied her the right to information due to her under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

27. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

28. Plaintiff, Adrianna Gutierrez (hereafter "Plaintiff"), is a natural person currently residing in Travis County, in the state of Texas.

29. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

30. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

31. Defendant MF is a Delaware corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 350 Camino De La Reina, Suite 300, , San Diego, CA 92108.

32. MF is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

33. MF regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

34. Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree St. NE #H-46, Atlanta, GA 30309.

35. Defendant TransUnion is a Delaware corporation with its principal place of business located at 555 West Adams Street Chicago, IL 60661.

36. Defendant MF is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

37. Equifax and TransUnion are both a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Equifax and TransUnion regularly engage in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

**FACTUAL ALLEGATIONS**

38. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than MF.

39. Upon information and belief, on a date better known by MF, MF began to attempt to collect an alleged consumer debt from the Plaintiff.

40. The alleged debt was said to be owed to Comenity Bank and Citi Bank.

41. That this alleged debt would only have been incurred for a personal line of credit and would have been only for personal or family purpose.

42. That this alleged account would have only been used for personal, family, or household purposes and would thus be a consumer debt.

43. The alleged debt is incorrect because, upon information and belief, the late payments being reported were inaccurate.

44. That MF was reporting the collection account on Plaintiff's credit report with Equifax and TU.

45. That MF was voluntarily reporting the alleged collection account on Plaintiff's credit report with Equifax and TU.

46. MF's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

47. On or about 11/14/2021, Plaintiff sent a dispute letter to Equifax notifying the account with MF as disputed. **Exhibit A.**

48. This letter provided notice of the inaccurate reporting to Equifax.

6

49. Once Equifax received notice of this letter, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case MF.

50. Upon information and belief, Equifax received the letter sent by Plaintiff.

51. Upon information and belief, Equifax transmitted notice of this dispute to MF via an Automated Credit Dispute Verification form ("ACDV").

52. MF was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

53. Alternatively, Equifax failed to send notice of the dispute to MF after receiving notice of the dispute from Plaintiff.

54. After receiving this notice, in any subsequent voluntary reporting, MF must then include the dispute notation on said account.

55. On or about 11/14/2021, Plaintiff sent a dispute letter to TU notifying the account with MF as disputed. **Exhibit B.**

56. This letter provided notice of the inaccurate reporting to TU.

57. Once TU received notice of this letter, it was required to provide notice of such disputes and request for re-investigation to the furnisher, in this case MF.

58. Upon information and belief, TU received the letter sent by Plaintiff.

59. Upon information and belief, TU transmitted notice of this dispute to MF via an Automated Credit Dispute Verification form ("ACDV").

60. MF was required to investigate Plaintiff's dispute in full upon receipt of the ACDV, and by extension, notice of the inaccuracy.

61. Alternatively, TU failed to send notice of the dispute to MF after receiving notice of the dispute from Plaintiff.

62. After receiving this notice, in any subsequent voluntary reporting, MF must then include the dispute notation on said account.

63. On or about 03/07/2022, Plaintiff received an updated credit file from Equifax and TU. **Exhibit C.**

64. That the credit report was updated on 02/15/2022 by MF.

65. That the updated 03/07/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff, received by Equifax and TU, and transmitted to MF.

66. Alternatively, that the updated 03/07/2022 credit report did not contain updated account information even after such dispute was sent by Plaintiff and received by Equifax and TU after Equifax and TU failed to notify MF.

67. That the updated 03/07/2022 credit report did not contain updated marked as disputed information.

68. Upon information and belief, the updated 03/07/2022 credit report contained inaccurate information.

69. MF failed to investigate or otherwise verify Plaintiff's dispute before voluntarily re-reporting the alleged debt.

70. MF must have voluntarily updated the Plaintiff's alleged account by communicating with Equifax.

71. That MF furnished information to Equifax and TU regarding Plaintiff's account without notifying them the account had been disputed by consumer, even after receiving notice by Equifax and TU of the dispute.

72. That MF failed to update the account information and mark the account as disputed on the updated 03/07/2022 credit report after Plaintiff disputed the account on 11/14/2021 and was given notice of such by Equifax and TU.

73. In the alternative, if MF properly updated the account information and marked the account as disputed with Equifax and TU after receiving notification of dispute from Plaintiff, then Equifax and TU failed to update the account information and mark the account as disputed on the updated 03/07/2022 credit report.

74. Upon information and belief, that MF never properly updated the account information or marked the account as disputed even after receiving information of the dispute from Equifax and TU.

75. Alternatively, Equifax and TU never updated the account information and marked the account as disputed even after receiving information of the dispute remark from MF in its subsequent voluntary reporting or via a response to an Automated Credit Dispute Verification ("ACDV") request.

76. All of MF's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

77. All of Defendants' actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

78. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the MF and/or Equifax and TU.

79. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by MF and/or Equifax and TU.

80. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by MF and/or Equifax and TU.

81. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

82. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of MF and/or Equifax and TU.

83. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

84. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

85. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

86. That because Plaintiff disputed the debt, MF, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

87. MF used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

88. MF's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

89. MF violated the Plaintiff's right not to be the target of misleading debt collection communications.

90. MF violated the Plaintiff's right to a truthful and fair debt collection process.

91. MF's communications with Plaintiff were deceptive and misleading.

92. MF used unfair and unconscionable means to attempt to collect the alleged debt.

93. MF's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to MF's collection efforts.

94. MF's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

95. MF's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

96. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

97. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of MF's conduct.

98. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. MF's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

99. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

100. Defendant MF's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrianna Gutierrez, prays that this Court:

A. Declare that MF's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Adrianna Gutierrez, and against MF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse**

101. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

102. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

103. MF's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

104. MF attempted to coerce Plaintiff into paying an alleged debt he otherwise would not have paid by submitting false and inaccurate information to her credit report.

105. MF could have no other purpose in doing this except to harm Plaintiff's reputation and deprive her of her ability to receive any type of credit line unless he paid the alleged debts.

106. Defendant MF's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrianna Gutierrez, prays that this Court:

A. Declare that MF's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Adrianna Gutierrez, and against MF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices**

107. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

108. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

109. MF attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

110. MF used unfair and unconscionable means to attempt to collect the alleged debt.

111. MF's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrianna Gutierrez, prays that this Court:

A. Declare that MF's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Adrianna Gutierrez, and against MF, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count IV: Violation Of 15 U.S.C. § 1681e(b) of the FCRA-Reinvestigations of Disputed Information**

112. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

113. Equifax and TU violated 15 U.S.C. 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

114. As a result of this conduct, action and inaction of Equifax and TU, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

115. Equifax and TU's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

116. The Plaintiff is entitled to recovery costs and attorney's fees from Equifax and TU in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrianna Gutierrez, prays that this Court:

A. Declare that Equifax and TU's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Adrianna Gutierrez, and against Equifax and TU, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Adrianna Gutierrez, and against Equifax and TU, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

### **Count V: Violation Of 15 U.S.C. § 1681i of the FCRA-Reinvestigations of Disputed Information**

117. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

118. Defendants Equifax and TU violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant

information to MF; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

119. As a result of this conduct, action and inaction of Equifax and TU, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

120. Equifax and TU's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recovery actual damages under 15 U.S.C. § 1681o.

121. The Plaintiff is entitled to recovery costs and attorney's fees from Equifax and TU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrianna Gutierrez prays that this Court:

    A.    Declare that Equifax and TU's credit reporting actions violate the FCRA;

    B.    Enter judgment in favor of Plaintiff Adrianna Gutierrez, and against Equifax and TU, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

    C.    Or, in the alternative, enter judgment in favor of Plaintiff Adrianna Gutierrez, and against Equifax and TU, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

    D.    Grant other such further relief as deemed just and proper.

**Count VI: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute**

122. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

123. Defendants Equifax and TU violated 15 U.S.C. § 1681s-2(b) by continuing to report the MF representation within Plaintiff's credit file with Equifax and TU without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the MF representation; by failing to review all relevant information regarding same; by failing to accurately respond to MF; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the MF representations to the consumer reporting agencies.

124. As a result of this conduct, action and inaction of MF, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

125. Defendant MF's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

126. Plaintiff is entitled to recover costs and attorney's fees from MF in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Adrianna Gutierrez, prays that this Court:

  A. Declare that MF's credit reporting actions violate the FCRA;

  B. Enter judgment in favor of Plaintiff Adrianna Gutierrez, and against MF for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

   C. Or, in the alternative, enter judgment in favor of Plaintiff Adrianna Gutierrez, and against MF, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

   D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

127. Plaintiff demands a trial by jury on all Counts so triable.

Dated: January 9, 2023

        Respectfully Submitted,

        **HALVORSEN KLOTE**

    By:  /s/ Joel S. Halvorsen

        Joel S. Halvorsen, #67032
        680 Craig Road, Suite 104
        St. Louis, MO 63141
        P: (314) 451-1314
        F: (314) 787-4323
        joel@hklawstl.com
        *Attorney for Plaintiff*